SEALED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAY 15 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* | § § § CRIMINAL NO.: § § **INDICTMENT** § § [Counts 1 – 10: Cyberstalking, § 18 U.S.C. § 2261A(2)] § |
| v. | |
| CHRISTOPHER ZAMARRIPA, *Defendant* | SA19CR0349 FB |

THE GRAND JURY CHARGES:

**COUNT ONE**
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about August 3, 2014, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials M.F., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to M.F., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT TWO
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about February 7, 2016, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials T.O., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to T.O., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT THREE
[Cyberstalking - 18 U.S.C. §2261A(2)]

Beginning on or about December 1, 2016, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials D.C., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause

substantial emotional distress to D.C., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT FOUR
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about December 1, 2016, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely a child victim, hereinafter referred to as CV1, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to CV1, all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT FIVE
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about December 1, 2016, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials D.M., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course

of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to D.M., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT SIX
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about December 3, 2016, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials S.K., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to S.K, all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT SEVEN
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about December 7, 2016, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials M.S., used an interactive computer service, electronic communication service, electronic communication system of

4

interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to M.S., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT EIGHT
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about January 29, 2017, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

## CHRISTOPHER ZAMARRIPA,

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials K.M., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to K.M., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT NINE
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about February 15, 2017, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

## CHRISTOPHER ZAMARRIPA,

with the intent to harass, intimidate and place under surveillance with intent to harass and

intimidate another person, namely an individual with the initials L.F., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to L.F., all in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT TEN
[Cyberstalking - 18 U.S.C. § 2261A(2)]

Beginning on or about July 30, 2017, and continuing through the date of this indictment, in the Western District of Texas, and elsewhere, the Defendant,

**CHRISTOPHER ZAMARRIPA,**

with the intent to harass, intimidate and place under surveillance with intent to harass and intimidate another person, namely an individual with the initials K.B., used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause

substantial emotional distress to K.B., all in violation of Title 18, United States Code, Section 2261A(2)(B).

A TRUE BILL.

███████████
_____
GRAND JURY FOREPERSON

JOHN F. BASH
United States Attorney

By: _____
BETTINA J. RICHARDSON
Assistant United States Attorney